# W. A. COOPER v. STATE.

No. A-2381.   Opinion Filed November 18, 1915.

(152 Pac. 608.)

APPEAL — Harmless Error — Instructions.   The letter and spirit of the law isthat if the defendant has had a fair trial, and if this court is satisfied that the verdict against the defendant was not reached by error, or as the result of passion or prejudice, the conviction should be affirmed.   In this case the erroneous instruction was harmless for the reason that the evidence did not leave the guilt of the defendant in doubt.   No defense was made and no prejudice could have resulted.

*Appeal from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

W. A. Cooper, was convicted of a violation of the prohibitory law and appeals.   Affirmed.

*Charles A. Phillips* and *Victor C. Phillips,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the County Court of Bryan county, charging that on the 3rd day of August, 1914, he did unlawfully have the possession of five gallons of alcohol and eighteen pints of alcohol with the unlawful intent then and there to barter, sell, give away and otherwise furnish the same in violation of the prohibitory laws of Oklahoma, the plaintiff in error, W. A. Cooper, was tried and convicted and his punishment fixed at confinement in the county jail for thirty days and a fine of one hundred dollars.   From the judgment following the verdict, he appealed by filing in this court on December 16, 1914, a petition in error with case-made.

The evidence for the state shows that two officers were at the M., K. & T. Ry. depot in Durant when the midnight pass-

enger train went north, and they saw the defendant leaving the train with a suit-case which he carried to a cab. They followed and told the driver of the cab to wait while they examined the suit-case. They found five gallons of alcohol and fifteen or sixteen half pints of alcohol and some corks in the suit-case. Both officers testified that they were well acquainted with the defendant, and that when they seized the suit-case he ran away.

The facts which the evidence for the state tended to prove are undisputed. There was no evidence offered on the part of the defense. In addition to the usual assignments of error that the verdict was contrary to law and to the evidence, error is assigned on exceptions taken to seven of the eleven instructions constituting the charge of the court. The only exception argued was taken to an instruction similar to the one condemned by this court in the case of *Huff* v. *The State,* 152 Pac. 464, this day decided.

Upon a consideration of the record we are of the opinion that on the uncontradicted facts of this case, the defendant could not be prejudiced by the instruction complained of, for the reason that the evidence did not leave the guilt of the defendant in doubt. This court has often held where a case is clearly made out against the defendant, and the jury has so found, the judgment will not be reversed for errors which do not effect the substantial merits of the case.

Every citizen, when charged with crime, is entitled to a fair trial according to the due and orderly course of the law, but he cannot be heard to complain if an error is committed that cannot operate to his prejudice.

We are of opinion that the defendant had a fair trial and was properly convicted. The judgment of the County Court of Bryan county herein will therefore be affirmed.

FURMAN and ARMSTRONG, JJ., concur.