## BUD WINGO v. STATE.

No. A-2457. Opinion Filed February 5, 1916.

(154 Pac. 502.)

**HARMLESS ERROR—Instructions.** The letter and spirit of the law is that if the defendant has had a fair trial, and if this court is satisfied that the verdict against the defendant was not reached by error, or as the result of passion or prejudice, the conviction should be affirmed. In this case the erroneous instruction was harmless for the reason that the evidence did not leave the guilt of the defendant in doubt. No defense was made and no prejudice could have resulted.

*Appeal from County Court, Grady County;*
*R. E. Davenport, Judge.*

Bud Wingo, convicted of a violation of the prohibitory law, appeals. Affirmed.

*Holding & Herr,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Bud Wingo, was convicted in the County Court of Grady county on an information charging that in said county on or about the 10th day of November, 1914, he did then and there wilfully and unlawfully have in his possession three hundred and sixty gallons of whisky with

the unlawful intent to violate provisions of the prohibitory law. Judgment was rendered on the 13th day of March, 1915, and he was sentenced to pay a fine of one hundred dollars and to be confined in the county jail of Grady county for a period of thirty days.

From the judgment an appeal was taken by filing in this court on May 10, 1915, a petition in error with case-made.

The evidence for the state shows that the defendant was found driving through the country south of Chickasha with two wagons; he driving one team and his little boy another. That in one wagon was four barrels of whisky and in the other three barrels and a case of whisky, and when arrested the defendant produced what he called a bill of lading purporting to show that the whisky had been delivered to him at Wichita Falls and consigned to one John Jackson at Hope, Arkansas.

There was no evidence offered on the part of the defense. The errors assigned are based upon the refusal of the court to give certain requested instructions, and on an exception taken to one of the instructions given.

The instructions requested were properly refused. The instruction excepted-to was incorrect. Similar instructions have been condemned by this court in the case of *Huff* v. *The State,* 12th Okla. Cr. —, 152 Pac. 464; *Beal* v. *The State,* 12th Okla. Cr. —, 152 Pac. 808, and *Sellers* v. *The State,* 11th Okla. Cr. 558, 149 Pac. 1071. However, upon a consideration of the record we are of the opinion that on the undisputed facts of this case the defendant could not be prejudiced by the instruction complained of, for the reason that the evidence did not leave the guilt of the defenadnt in doubt. This court has often held where the case is clearly made out against the defendant and the jury has so found, the judgment will not be reversed for errors which do not affect the substantial merits of the case. Every citizen when charged with crime is entitled to a fair trial according to the due and orderly course of the law, but he cannot be heard to complain if an error is comitted that cannot operate to his prejudice.

*Cooper* v. *The State,* 12th Okla. Cr. —, 152 Pac. 608.

Upon the undisputed facts and the law as we understand it, the plaintiff in error was rightfully and legally convicted. The judgment of the County Court of Grady county herein is therefore affirmed.

FURMAN and ARMSTRONG, JJ., concur.