STATE v. ED. SKELTON et ux.

No. A-5658.   Opinion Filed April 2, 1927.
(254 Pac. 754.)

Edwin Dabney, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

J. M. Adams and F. H. Reily, for defendants in error.

EDWARDS, J.  This is an appeal prosecuted by the state upon a question of law from a judgment of acquittal rendered in the county court of Pottawatomie county in sustaining a motion for acquittal, to which ruling the state at the time objected and excepted, and reserved a question of law to be made and presented for review on appeal to this court.

The information charges the defendants with keeping and maintaining a place in the city of Shawnee where whisky was kept with the intent to violate the prohibitory liquor laws.  A jury was waived, and the trial was had to the court.  The evidence relied upon by the state was procured by means of a search warrant, which was challenged by defendants as having been procured upon an insufficient affidavit.  This objection was sustained, and the court excluded the evidence.  The affidavit is founded upon sections 7012 and 7013, Comp. Stat. 1921. The material part is as follows:

"* * * Before me, L. A. Hathcock, justice of the

peace, within and for Pottawatomie county, state of Oklahoma, personally appeared and on oath states that the offense of manufacturing, bartering, selling, giving away, and in some manner furnishing, intoxicating liquors, and that intoxicating liquors are being received, had, and kept with the intent and for the purpose to sell, give away, and in some manner furnish the same, and operating, conducting, carrying on, dealing, playing at, and betting on poker, roulette, craps, banking and percentage games, slot machines and gambling games and devices, for money, checks, credits, and representatives of value, contrary to, and in violation of, the laws of the state of Oklahoma, is now being committed within said county and state, and within the jurisdiction of this court, in and upon the following described premises, towit:  A certain one-story brick dwelling house, located on East Wallace street, and being the first house on the east side of the Santa Fe railroad track on said Wallace street, and all outbuildings thereunto belonging—the basis of this complaint being that said premises are frequently and constantly visited by various and divers persons and further that said premises has the general reputation of being a place where intoxicating liquors are kept for the purpose of violating the laws of Oklahoma.  And that the said premises are used as a public resort.  Wherefore, affiant prays that a warrant of search and seizure for said described premises to the end, and that said violations of the law may be suppressed and offending parties dealt with according to law. * * *"

Section 7012, Comp. Stat. 1921, reads:

. "No search warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

It would have been better practice to have named the person having possession of the property described, if such person is known, or, if not known, he should be described as unknown, since such allegation is ordinarily a part of the description of the place.  Such allegation is essential if the person is to be searched or seized.  Gan-

dreau v. U. S. (C. C. A.) 300 F. 21; U. S. v. Camarota et al. (D. C.) 278 F. 388; Boyd v. State, 195 Ind. 213, 143 N. E. 355.

Since the affidavit in this case is an application for a search warrant to search a particular place, which is particularly described, and not for the search of a person, the failure to name or describe the person does not render it fatally defective.

The foregoing affidavit is by no means a model in form and substance, but all the essential requirements are sufficiently stated to warrant the magistrate in making a finding of probable cause for the search of the place. It does not follow that the statement of facts in the affidavit for search warrant would be sufficient to support a verdict of guilty. It is not required that they should be, but only a statement of facts upon which the magistrate may make a finding of probable cause. The court erred in sustaining the objection to the evidence obtained by the search warrant and in directing an acquittal, and his ruling is reversed. Smith v. State, 30 Okla. Cr. 144, 235 P. 273.

There having been a judgment of acquittal entered by the court, such judgment is final, and the defendants may not now be subjected to further prosecution in this case, nor to another prosecution for the same offense. State v. Robertson, 28 Okla. Cr. 234, 230 P. 932, and authorities cited.

The case is remanded, with directions that this order be entered upon the minutes of the county court of Pottawatomie county.

DOYLE, P. J., and DAVENPORT, J., concur.