GENEVA ROSS v. STATE.

No. A-6016.   Opinion Filed Oct. 22, 1927.
(260 Pac. 90.)

H. T. Church, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant was convicted and in accordance with the verdict of the jury was sentenced to confinement in the county jail for 30 days and a fine of $50, on a charge that she did have in her possession certain intoxicating liquor, to wit, 108 gallons of Choctaw beer, containing more than one-half of one per cent. of alcohol, measured by volume, and capable of being used as a beverage, with the unlawful intent to sell the same.

The undisputed facts are that on August 9, 1924, affidavits were made by one Odell Greer, who for about a year previous had lived with the appellant, in which affiant stated that intoxicating liquor is being manufactured, sold, bartered, given away, and otherwise furnished by one Geneva Ross, at No. 1340 North Norfolk street in the city of Tulsa; that such building is a private residence and is a place of public resort, and is used for the storage and furnishing of intoxicating liquor.

In company with affiant, Greer, the officers proceeded to the premises and said affiant pointed out to the officers the place where the beer was found.

Geneva Ross, as a witness in her own behalf, testified that Odell Greer had made his home with her for about a year and three or four months; that about nine

days before the raid was made she went to Fort Worth, Tex., to visit her sister and had only returned to Tulsa on the morning of the afternoon when the search and seizure was made; that Odell Greer remained on the premises during her absence and threatened to have her jailed on account of jealousy, and that it was through a spirit of revenge that he made the affidavit upon which the search warrant issued; that she had never made any Choctaw beer; that when she returned that morning she had a difficulty with Odell Greer over another man that she was keeping company with, Wemouth Hearst, whom she later married.

When the case was called for trial there was a motion to suppress the evidence obtained under the search warrant, on the ground "that the affidavit upon which said search warrant issued was illegal and void, the same merely stating conclusions and not particularly naming or describing the person to be searched nor the premises to be searched as required by law," which motion was overruled.

Objection was interposed to the introduction of evidence by the state for the same reasons and grounds as set forth in said motion, which was overruled. At the close of the state's evidence there was a motion for a directed verdict of acquittal upon the same ground.

It is urged that the affidavit is defective in that it names a different person from this defendant, Genevive Ross, which is not the true and correct name of the appellant, her name being Geneva Ross, and that the affidavit contains only conclusions.

We deem it sufficient to say that the affidavit sufficiently describes the place to be searched and is sufficient, although the given name of the owner is not correctly stated.

In State v. Skelton, 36 Okla. Cr. 377, 254 P. 754, it is said:

"Since the affidavit in this case is an application for a search warrant to search a particular place, which is particularly described, and not for the search of a person, the failure to name or describe the person does not render it fatally defective."

We have carefully examined every point argued by counsel for appellant, and we are satisfied that she had a fair and impartial trial. The judgment of the lower court is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.