ZORA CRIM v. STATE.

No. A-9604.   Feb. 1, 1940.
(99 P. 2d 185.)

Embry & Embry, of Chandler, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant Zora Crim was charged in the county court of Lincoln county with the crime of possession of intoxicating liquor; a jury was waived; defendant was tried, convicted and sentenced by the court to serve thirty days in the county jail and to pay a fine of $50, from which judgment and sentence this appeal was taken.

The defendant assigns as error: (1) action of the court in refusing to suppress evidence obtained under an illegal search warrant based upon an insufficient affidavit; (2) action of the court in refusing to sustain defendant's motion to suppress because the search warrant was never returned; (3) action of the court in permitting the prosecution to be conducted in the name of Zora Crim rather than in the name of the defendant, Zora Smith; (4) error of the court in finding defendant guilty because of the insufficiency of the evidence.

The affidavit recites sufficient evidentiary facts to authorize the issuance of the search warrant. There is no argument made by the defendant that the affidavit is insufficient with the exception that the contention is made

that since the affidavit describes the premises to be as follows:

"The residence of one Lewis Crim, same being located upon the Northeast Quarter of the Southeast Quarter of Section 4, Township 14 N. Range 6. E. I. M. including all of the outbuildings and grounds within the curtilage thereof," that the same is insufficient to justify a search of the premises occupied by the defendant for the reason that the defendant and Lewis Crim, the man named in the affidavit, were divorced on the 25th day of May, 1938, before the search occurred on the 21st day of October, 1938.

In support of her motion to suppress the evidence, the defendant introduced a journal entry of judgment in a divorce suit which showed that the defendant was divorced in the district court of Lincoln county, Okla., on May 25, 1938, that in the decree she was awarded the lease covering the property described in the search warrant, and the said Lewis Crim was enjoined from molesting or interfering with the defendant in her possession of this property. The defendant was restored to her maiden name of Zora Smith.

It is conceded that the legal description of the premises to be searched is correct. For that reason no discretion was left to the officers making the search as to the place to be searched. This court has held in numerous cases that where the affidavit is an application for a search warrant to search a particular place which is particularly described, and not for the search of a person, the failure to name or describe the person does not render it fatally defective. State v. Skelton, 36 Okla. Cr. 377, 254 P. 754; Ross v. State, 38 Okla. Cr. 252, 260 P. 90.

In State v. Skelton, supra, we laid down the following rule:

"A motion to suppress evidence on the ground that the affidavit for search warrant is insufficient should be overruled, where the constitutional and statutory requirements and sufficient evidentiary facts are stated in the affidavit to warrant the magistrate in making a finding of probable cause.

"Where a search warrant is sought for the search of any person, such person must be particularly described in the affidavit for search warrant; if a search warrant be sought for the search of a place, the place must in like manner be particularly described in the affidavit, and the name of the owner or occupant should be set out, or he should be described as unknown, according to the facts. When, however, a place is otherwise particularly described, it is not absolutely essential that the affidavit set out the name of the owner or occupant."

The court has stated in Cahill v. State, 38 Okla. Cr. 236, 260 P. 91:

"Where an affidavit for a search warrant under the prohibitory liquor law particularly describes the place to be searched so that no discretion is left to the officer making the search, the description of the place will be sufficient, although the name of the owner or occupant of the place is not set out."

See, also, Sherwood v. State, 48 Okla. Cr. 263, 290 P. 1112.

The decisions cited by the defendant in her brief are cases where there was a mistake in the owner's name in the search warrant and the land described happened to be owned or occupied by several persons so that in fact there were several places within the legal description set forth in those search warrants. In the instant case there is no evidence that there are other residences on the land described in the search warrant so that there could be a matter left for discretion of the officer making the search. If there were other residences situated on the premises de-

scribed in the search warrant, the burden was on the defendant to so show in support of her motion.

Under the foregoing authorities it is our opinion that the motion to suppress the evidence because of the insufficiency of the affidavit should have been overruled.

The defendant's contention that the motion to suppress the evidence should have been sustained because the search warrant was never returned is without merit. This court stated in Hensley v. State, 53 Okla. Cr. 22, 3 P. 2d 211, 212:

"A search warrant, otherwise valid, which has been executed within ten days from the time it was issued, is not rendered invalid by failure of the officer to make return thereon."

Also, see Rose v. United States, 6 Cir., 274 F. 245; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56.

It was the duty of the county court to continue the prosecution of this case in the name of Zora Smith after his attention was called to the fact that her true name was Zora Smith. Section 2885, O. S. 1931, 22 Okla. St. Ann. § 403, provides as follows:

"When a defendant is indicted or prosecuted by a fictitious or erroneous name, and in any stage of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the indictment or information."

Under this statute it is clear that the court should have ordered the prosecution to be continued in the true name of the defendant after it was called to his attention. The purpose of this statute is to furnish a proper and complete identification of the accused and to enable a correct record of the proceedings to be made. In this

case, however, the identity of the defendant as being the person against whom the information is directed is unquestioned. This omission by the court does not affect the guilt or innocence of the defendant and cannot possibly in any manner be said to have deprived her of any of her substantial rights. A verdict supported by competent evidence should not be reversed for mere irregularities or technicalities where there is no showing that the defendant has been prejudiced thereby. Cooper v. State, 12 Okla. Cr. 142, 152 P. 608; Smith v. State, 34 Okla. Cr. 318, 246 P. 883; Brown v. State, 9 Okla. Cr. 382, 132 P. 359; Bethel v. State, 8 Okla. Cr. 61, 126 P. 698. We hold that this mistake by the court is insufficient to justify a reversal of this case.

The most serious question for the determination of this court is the question of the sufficiency of the evidence to sustain a conviction. Only one witness was called on each side in the trial of this case. Richard Murphy, the officer, testified that he had known the defendant about 20 years; that he made a search of the defendant's place about 4 o'clock in the afternoon; that the defendant was not at home, but that a housekeeper was there; that he found five pints of whisky concealed at different places in the house, one of which had the seal broken; that the defendant was arrested the next morning.

The defendant in her own behalf stated that she had moved to the place which was searched in February, 1938, and lived with Lewis Crim there until she obtained a divorce in May, 1938, and had been living there by herself since the date of her divorce; that she had been away from home two or three days, and had left a girl there to look after her place in her absence. The defendant disclaimed any knowledge of the whisky.

This court has long followed the rule that a conviction would not be reversed because of insufficiency of the evidence where there is any evidence, together with reasonable and logical inferences and deductions to be drawn therefrom, sufficient to convince a jury beyond a reasonable doubt of the guilt of the defendant.

The defendant voluntarily waived a trial by jury and agreed that the county judge could be the trier of the facts. The defendant thought the county judge would be fair, and impartial, and the fact that only the minimum sentence was given shows there was no prejudice on the part of the court.

The county court, based on his experience, observation and common knowledge in such matters, has made his finding of fact; he was able to observe the demeanor of the witnesses on the stand, and since the liquor was found in a building, the absolute control and possession of which was vested in the defendant, and was in quantities sufficient to make a prima facie case, we will not rule that the evidence is insufficient to support the judgment of the county court.

The case is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.