## HOBSON G. DENMARK v. STATE.

No. A-9735.　Dec. 18, 1940.

(108 P. 2d 550.)

James W. Flinn, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

BAREFOOT, J. Defendant was charged in the court of common pleas of Oklahoma county with the crime of illegal possession of intoxicating liquor, waived a jury, was tried, convicted and sentenced to pay a fine of $50 and serve a term of 30 days in jail.

No brief has been filed on behalf of the state in this case.

A motion to suppress the evidence was filed, and a hearing was had thereon. It is contended that the court erred in overruling the motion to suppress the evidence obtained by reason of the search warrant, and it is further contended that the court erred in failing to sustain the motion for a directed verdict filed in this case. Both of these contentions may be considered together.

The search warrant was what is commonly known as a "John Doe" search warrant. The evidence revealed that the officers making the search knew defendant and knew that it was his premises they intended to search, but they had the name "John Doe" placed therein so they could arrest whomsoever they might find in possession of intoxicating liquor. This is a very bad practice where the officer knows whose premises are to be searched. He should place the name of the party therein and the name "John Doe" or any other name should not be used. We are not saying that this, within itself, would be reversible error, for we have held in a number of cases that if the premises be particularly described, that it is not absolutely necessary to give the name of the party.

State v. Skelton, 36 Okla. Cr. 377, 254 P. 754; Sherwood v. State, 48 Okla. Cr. 263, 290 P. 1112; Ross v. State, 38 Okla. Cr. 252, 260 P. 90; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Yeargain v. State, 69 Okla. Cr. 98, 101 P. 2d 273. But we do say that where the name of the party is known to the officer making the affidavit for the search warrant, that he should have placed therein the exact name of the party whose premises are to be searched, and a proper description of the premises. This will safeguard the interest of the officer and protect the citizen in his constitutional and statutory rights.

The evidence on the motion to suppress revealed that there were located a number of buildings at the description named in the search warrant. On the front end of the lot was a paint shop at which some 12 or 15 parties worked. There was then a one-story apartment and back of this was a two-story frame apartment. The defendant lived in one of these apartments, which he testified was No. 111 Northeast Tenth street, and not 113 Northeast Tenth street, as described in the search warrant. Other families, who it was testified were relatives of defendant, lived in the other apartments. The ten pints of liquor involved was found partly in an old abandoned truck near one of the apartments and the balance was under a step behind some bricks leading to the second story of one of the apartments. These steps lead to a public toilet that was used by the men who worked in the paint shop on the front of the lot. There was no evidence, other than that it was near the premises occupied by defendant, that he was connected with the same, or that it was his or in his possession. Under these facts and circumstances, this judgment and sentence cannot be upheld against this defendant. Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106; Daniels v. State, 32 Okla. Cr. 426, 241 P. 836; Wiese v. State, 32 Okla. Cr.

203, 240 P. 1075; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238; Myer v. State, 34 Okla. Cr. 421, 246 P. 1105, 1106.

In the Myer Case the court said:

"This writ was intended to operate and did operate as a blanket search warrant covering the private places of abode of several people, and was therefore void. * * * Where there is no joint interest apparent, a showing of probable cause against one tenant confers no right to search the home of another tenant in the same building."

This is especially true where there is no evidence to show defendant had possession or control of the liquor found.

There was evidence that defendant's place had a reputation for being a place where intoxicating liquors were sold and evidence that a telephone was installed, which the officers testified was for the purpose of taking orders for liquor to be delivered. A boy was also found upon the premises who told the officers he was the delivery boy. From the evidence it might be surmised that defendant was in the whisky business, but the judgment under this information and the search warrant issued in this case cannot be upheld. The defendant is entitled under the law to the same fair and impartial trial as any other citizen.

For the reasons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is reversed and the defendant is ordered discharged.

DOYLE, P. J., and JONES, J., concur.