ORVAL BOWMAN v. STATE.

No. A-9877.   Dec. 10, 1941.
(120 P. 2d. 373.)

R. N. Linville, of Elk City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Orval Bowman, was charged by information in the county court of Beckham county, on February 26, 1940, with the offense of transporting intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail and to pay a fine of $175, from which judgment and sentence he appeals to this court.

Counsel for defendant assigns as error the failure of the trial court to sustain his motion to suppress the evidence.

The affidavit for the search warrant states that whisky is being manufactured, etc., in violation of the law by Leon Bowman and that said intoxicating liquors are being manufactured, etc., on certain positively described premises, that the premises are not a private residence, but a place of public resort used as a place of storage for intoxicating liquors, showing probable cause for the above statements, and prays "that a search warrant be issued to the sheriff or any constable of Beckham county commanding him to search the premises and seize all liquors therein and otherwise proceed according to law."

The search warrant sets out the description of the property contained in the affidavit, stating that intoxicating liquors are being manufactured, etc., on those premises by "Leon Bowman or a person unknown," in violation of law, and commands the officer "to search the premises above described and designated and to seize all such liquors there found."

Defendant contends that the search warrant is invalid for the reason that it states that the liquors were being kept by "Leon Bowman or a person unknown", while the affidavit stated that the liquors were being

kept by "Leon Bowman," and for that reason the search warrant goes beyond and is not in conformity with the complaint.

Defendant's counsel, in his brief, cites Miller v. State, 34 Okla. Cr. 103, 245 P. 68, which states that a warrant for search in describing the place to be searched shall conform to the description of the place described in the affidavit.

In Cahill v. State, 38 Okla. Cr. 236, 260 P. 91, this court said that where no person is to be searched, but merely a place, it is not essential that the owner or occupant of the premises be named in the affidavit and search warrant, unless the name is required as a part of the description.

This court held in Denmark v. State, 71 Okla. Cr. 95, 108 P. 2d 550, that:

"Where a search warrant is issued for the purpose of searching a person, such person should be particularly described, and if his name is known it should be stated in the warrant. If a search warrant is issued for the search of a place, the place must in like manner be particularly described in the affidavit and warrant, and the name of the owner should be set out, or he should be described as unknown, according to the facts. If the place is particularly described, it is not absolutely essential that the name of the owner or occupant be stated." Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Ross v. State, 38 Okla. Cr. 252, 260 P. 90; State v. Skelton, 36 Okla. Cr. 377, 254 P. 754.

Since the affidavit and search warrant in this case are for the search of specifically described premises only, and not for the search of a person, the name of the owner or occupant of such property is not so absolutely essential to the affidavit and search warrant as to invalidate them, and the search would have been legal without nam-

ing Leon Bowman. In this search warrant for property, the adding of the phrase "or a person unknown", which was not included in the affidavit, after the name of Leon Bowman, is not a material variance from the affidavit for such search warrant; and we are of the opinion that the search warrant was valid for the search of the premises described.

Both the state and the defendant have extensively briefed the above questions concerning the validity of the search warrant, although, as far as this particular defendant is concerned, we do not see how the search warrant can affect the question of the legality of the search of his person, as it is admitted that the search warrant was issued for premises which were neither owned nor in the possession of the defendant.

Defendant further contends that the evidence was inadmissible for the reason that the search of defendant was illegal, since the officer had no search warrant for defendant, no warrant for his arrest, and no misdemeanor was committed in the presence of the officer.

On February 24, 1940, D. W. Young, a deputy sheriff of Beckham county, took the above search warrant and went to a garage on property adjoining the premises (a filling station) described in the warrant. He saw defendant, Orval Bowman, come out of the building, go to the back, and return. Defendant's hand was stuck in his coat pocket, and the officer could see that he was carrying some object. When Young then advanced toward defendant, defendant started to leave the premises, but stopped upon the order of Young, who jerked his hand out of his pocket, revealing the neck of a bottle. The officer held him by the arm and led him to the door of the filling station, where he served the search warrant

on Whitey Long, the proprietor, and searched defendant, who had one and one-half pints of whisky.

The deputy sheriff testified as follows:

"Q. You did not have a search warrant for Orval Bowman? A. No, sir. Q. You did not have a warrant for his arrest? No, sir. Q. He did not do anything that caused you to arrest him until you took his hand out of his pocket and you saw this bottle? A. No, sir."

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, it was held:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

"Where a bottle, later found to contain intoxicating liquor, was taken from the person of defendant forcibly and against his will, and without a search warrant for his person, or a warrant for his arrest, this constituted an unlawful and therefore an unreasonable search and seizure under section 30, art. 2, of the state Constitution [Okla. St. Ann.]"

See, Barnett v. State, 71 Okla. Cr. 118, 109 P. 2d 243, and cases cited therein.

Orval Bowman was not the owner or in possession of the premises for which the search warrant was issued. The officer had no warrant for the search or arrest of defendant, Orval Bowman, who was searched and arrested on suspicion of committing a misdemeanor.

Because the evidence in this case was obtained by an unlawful arrest and search of defendant, the court erred in overruling defendant's motion to suppress the same.

254

This case is reversed and remanded to the trial court, with instructions to dismiss.

BAREFOOT, P. J., and DOYLE, J., concur.