## C. W. CHRONISTER v. STATE.

No. A-9894.    Jan. 21, 1942.

(121 P. 2d 616.)

Ted Foster, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.   Defendant was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to wit, six pints of tax-paid whisky, was tried before the court without the intervention of a jury, was convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

This charge arises from a search by police officers of defendant's premises and the finding thereon of six pints of tax-paid liquor on the 11th day of October, 1938. Defendant filed a motion to suppress the evidence on the 20th day of November, 1939, and a hearing was had on the 8th day of December, 1939, at which time it was overruled by the court. The only contention urged for reversal is that the court erred in refusing to sustain defendant's motion to suppress the evidence for the reason that the same was obtained by reason of an illegal search warrant.

Defendant contends:

"Where two families occupy separate apartments in one house and where this house is described in the affidavit and search warrant by its single street number and neither of the occupants is named in the affidavit or search warrant, the search warrant describes more than one place and is void."

The affidavit does not name the owner or person in possession and describes the premises as follows:

"* * * John Doe whose more full and correct name is to your affiant unknown, in certain building and premises described as follows, to wit: a one story brick building and all out-buildings located at 1536 Southwest 30th Street in Oklahoma City, Oklahoma County, Oklahoma, did then and there unlawfully and wilfully have in his possession and under his control * * *."

The evidence in this case reveals that the defendant, C. W. Chronister, was the owner of a building located at 1536 Southwest 30th street, in Oklahoma City, Oklahoma county. Some time after the house was built he added another room thereto. He lived in the house himself with his family. He rented the other room to a family by the name of Miles, who was occupying it at the time of the search. The evidence reveals that there was only one number, 1536, on the premises, and this number was over the entrance into that part of the building occupied by defendant. This entrance was from the south. The only entrance to the part occupied by Miles was from the west. There was a common bathroom, but this was kept closed from each side. The officers who made the search entered only that part of the building occupied by the defendant and made no attempt to search the part occupied by Mr. Miles. The liquor was found outside of the premises.

Officer Scott, who made the search, testified:

"Q. And where did you find it? A. Found it in the ground plant of a little chicken house building on the south side of the garage. Q. And that was in the rear of this property? A. Yes, sir. Q. And did you have a conversation with Mr. Chronister about it? A. Yes, he came out there when I was taking it out of that plant, and said 'You ought to leave me one of them, I am sure burning low tonight' or something like that. Q. (The Court) I didn't hear that. A. He said, 'You should leave me one of those pints of whisky to kind of steady my nerves when I get up there'."

The officer further testified that this place was a place of public resort. That people congregated there for the purpose of buying and obtaining and drinking intoxicating liquor, and that the premises had a bad reputation. The evidence with reference to the reputation

of the premises was corroborated by Officer Anderson, who assisted in the search of the premises.

Under the evidence we do not think the court erred in overruling the motion to suppress the evidence obtained under the search warrant. The search warrant was issued in the name of John Doe. As we have often said, we disapprove of the issuance of search warrants in a fictitious name where the name of the real party is known to the officers, and the best practice is for the name of the party whose premises are to be searched to be stated in the search warrant. Denmark v. State, 71 Okla. Cr. 95, 108 P. 2d 550. However, the evidence in this case is such that there can be no question as to the guilt of this defendant. His own admissions to the officers confirms this. The liquor was not found on the premises, but on the outside in a plant over which he had supervision, and was in close proximity to a barbecue pit at which he sold barbecued meat.

We have noted the cases cited by defendant, but they do not have application to the facts as they exist in this case. For the reasons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES and DOYLE, JJ., concur.