### CLARENCE COOK v. STATE.

No. A-10088.   Dec. 16, 1942.

(132 P. 2d 349.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Clarence Cook, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, a jury was waived, defendant was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

It is contended that the trial court erred in overruling the motion to suppress evidence presented by defendant.

That part of the affidavit to which the complaint is directed is as follows:

"* * * on the 24th day of January, 1941, Earl Cook or John Doe whose more full and correct name is to your affiant unknown, in certain buildings and premises described as follows, to-wit: A two story frame dwelling house and all out-buildings located at 305 Harrison Avenue, Oklahoma City, Oklahoma County, Oklahoma, in said County and State, did then and there unlawfully and wilfully have in his possession and under his control, * * *."

The search warrant followed the description set forth in the affidavit by reciting that Earl Cook or John Doe, whose more full, true and correct name is unknown, etc.

The defendant, testifying on the motion to suppress, stated that his name was Clarence Cook and that he was never known as Earl Cook or John Doe. He admitted that he lived at 305 Harrison avenue, which was the place particularly described in the search warrant. It was a two-story frame house. The upstairs was unoccupied, but was in possession of defendant and, it was there that the 59 pints of whisky were found. The defendant admitted that the whisky belonged to him.

The sole contention of the defendant is that since his name was Clarence Cook and he was known to officers as Clarence Cook, the insertion of the name Earl Cook or John Doe in the search warrant made the same illegal and void.

In the case of Orval Bowman v. State, 73 Okla. Cr. 248, 120 P. 2d 373, it is stated:

"Where a search warrant is issued for the purpose of searching a person, such person should be particularly described, and if his name is known it should be stated

in the warrant. If a search warrant is issued for the search of a place, the place must in like manner be particularly described in the affidavit and warrant, and the name of the owner should be set out, or he should be described as unknown, according to the facts. If the place is particularly described, it is not absolutely essential that the name of the owner or occupant be stated."

In that case the search warrant was directed to "Leon Bowman or a person unknown." In the body of the opinion it is stated:

"Since the affidavit and search warrant in this case are for the search of specifically described premises only, and not for the search of a person, the name of the owner or occupant of such property is not so absolutely essential to the affidavit and search warrant as to invalidate them, and the search would have been legal without naming Leon Bowman."

See also Cahill v. State, 38 Okla. Cr. 236, 260 P. 91; Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260; Denmark v. State, 71 Okla. Cr. 95, 108 P. 2d 550; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185, 186.

In Crim v. State, supra, it is stated:

"It is conceded that the legal description of the premises to be searched is correct. For that reason no discretion was left to the officers making the search as to the place to be searched. This court has held in numerous cases that where the affidavit is an application for a search warrant to search a particular place which is particularly described, and not for the search of a person, the failure to name or describe the person does not render it fatally defective."

It appearing that the court did not err in overruling the motion to suppress the evidence and that there are no errors apparent in the record, the judgment and sentence of the court of common pleas of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.