LEE ROY SUNDAY v. STATE.

No. A-10885.   June 9, 1948.
(194 P. 2d 905.)

134

Quinn M. Dickason and Harry Seaton, Public Defenders, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. This is an appeal by Lee Roy Sunday the defendant below from a conviction and sentence to the penitentiary to a term of seven years for the crime of forgery in the second degree. A jury was waived and the case was tried to the court.

There is only one question raised by the appeal, is the evidence sufficient to sustain the conviction? The information alleges that the defendant Lee Roy Sunday forged a check in the sum of $10 drawn on the First

National Bank & Trust Company of Tulsa, Okla., on October 12, 1946, payable to the order of cash, signed Mary Baker, with the intent to beat, cheat and defraud the said Mary Baker and the First National Bank & Trust Company of Tulsa out of said sum. The said check together with the endorsements thereon offered in evidence being in words and figures as follows, to wit:

"Tulsa, Oklahoma, Oct. 12, 1946

"The First National Bank and Trust Company

"Pay To
The Order
  of       Cash        $10.00
Ten & no/100 ------------------------------------------------------------- Dollars
           (Sgd.)  Mary Baker
               524 N. Boulder.

CDB
(Stamp)
Signature Not Satisfactory.
(Endorsed on back)
Lee Bulcer
524 No. Boulder
C. D. Benton.
(Stamp)  National Bank of Tulsa
      Cleared  Oct 17, 1946
Oct 14, 1946."  (C.-M. 46)

The record discloses that Mary Baker was formerly the wife of Lee Roy Sunday, but they were divorced in 1935. It shows that they had been living together in common-law relationship off and on since that time. It further discloses that Mary Baker opened an account at the First National Bank & Trust Company in Tulsa, Okla. The signature card required by the bank when this account was opened was in her name only. It did not authorize the payment of any checks except over her signature.

It was stipulated by the state and the defendant that the foregoing check endorsed in the name of Lee Bulcer, 524 North Boulder (said address being the address of Mary Baker), was uttered to F. I. Sibert at the Bud Benton Grocery in Tulsa, Oklahoma, and $10 in cash received by the defendant therefor. Thereafter it was endorsed by C. B. Benton and presented to the said bank and payment refused because the signature was not valid. The bank had an affidavit executed by Mary Baker covering four or five prior checks, which affidavit stated that such signature was not valid. Upon the said affidavit executed by Mary Baker she received by reimbursement from the bank on the said other four or five checks, something in excess of $100.

The record further shows that when the defendant was arrested, he said that he had only been writing checks on Mary Baker for a month to six weeks and that there were about five or six of them. At the trial he testified he had authority to check on this account ever since he and Mary Baker were divorced. After Mary Baker had been reimbursed by the bank for her losses incident to the several forged checks, she did all in her power to protect her former husband. The defendant's testimony as to authority to write checks on Mary Baker's account as to these four or five checks other than the one herein involved was corroborated by Mary Baker. As to the check herein involved she testified she didn't give him authority to sign the same. If there were anything more than the sworn testimony of Mary Baker and Lee Roy Sunday, we would be compelled to conclude that the evidence was insufficient, but when we consider the indisputable circumstances and the actions of both complainant Mary Baker and the defendant, we are compelled to concede the evidence of guilt is overwhelming. The fact

that Mary Baker was away in California when the transaction involving the instant check occurred; that when she was confronted with the signature that appeared on the four or five other checks she did not recognize the defendant's signature as the one her husband had used for approximately thirteen years; the fact that she made claim upon the bank to recover the money on the four or five other checks which the defendant had theretofore drawn, on the theory and belief that they were forgeries, and she received reimbursement thereon; the fact the signature card in the bank authorized the honoring only of checks in the name of Mary Baker; and her sworn testimony that the defendant had no express authority to write the $10 check herein involved, all contradict her sworn testimony to the effect that her husband had permission to write these checks on her account, and that this had been going on for approximately thirteen years. Moreover, the foregoing conclusion is corroborated by the defendant's statement in writing to the police officer to the effect that he started this venture about a month or six weeks ago. These irrefutable circumstances destroy the effect of the sworn testimony of both the complainant and the defendant. Moreover, if the defendant had authority to check on this account, why were the checks not signed Mary Baker by Lee Roy Sunday. The defendant's evil intent is made manifest by his endorsement on the $10 check herein involved, not in his true name but under the false personation of Lee Bulcer, to which he attempted to give credence by affixing to the endorsement the address of his wife, 524 North Boulder. This we are inclined to believe he did in order to throw the merchant off-guard because forgers do not ordinarily give an address except for one purpose and that is to deceive, to leave an impression of stability, and to indicate permanent abode, where they can easily

be found. The foregoing circumstances fall within the old adage of "actions speak louder than words", and the admonition of Omar Khaayam:

"The moving finger writes
    And having writ moves on,
Nor all your piety nor wit
    Shall lure it back to cancel half a line
Nor all your tears wash out a word of it".

The defendant relies on the case of Bradley v. State, 63 Okla. Cr. 203, 74 P. 2d 126. The Bradley case is not controlling herein for the reason that the same turned upon the court's failure to instruct the jury upon the question of the defense of claimed authority of Wallace Bradley to write checks upon his mother's account in the bank. Since the instant case was tried to the trial court without a jury, the trial court decided the issue of Lee Roy Sunday's authority. From the facts disclosed in the case at bar, the trial court resolved that issue against the defendant Sunday. The trial court found that Lee Roy Sunday had animo furandi or criminal intent to defraud the material fact necessary to establish a case of forgery. Bradley v. State, supra, and Wells v. Territory, 1 Okla. Cr. 469, 98 P. 483, and that the case fell within the provisions of Title 21 O. S. A. § 1577, as follows, to wit:

"Every person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for

any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

From what we have heretofore said, we are of the opinion that the evidence was sufficient upon which to base the trial court's finding, and being sufficient the trial court's finding of guilt is binding on this court as was said in Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185, 186:

"Where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's finding."

The reasonable inferences and deductions to be drawn from the record herein support the court's finding. However, even for a third time loser, we are of the opinion that a seven year sentence on a $10 check for forgery is rather severe, and for that reason the sentence herein imposed should be and the same is modified to three years in the penitentiary. For all of the foregoing reasons, the judgment and sentence as modified is affirmed.

BAREFOOT, P. J., and JONES, J., concur.