CROSSLAND v. STATE.

No. A–11881.

Criminal Court of Appeals of Oklahoma.

Jan. 27, 1954.

650

Shelton Skinner, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Allie Crossland was charged by an information filed in the County Court of Pottawatomie County with the unlawful possession of 5½ pints of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and to pay a fine of $350 and costs, and has appealed.

Fourteen assignments of error are presented and a voluminous brief has been filed, thoroughly discussing each of said assignments of error. After a careful consideration of the record and the briefs of the parties, we have come to the conclusion that this case can properly be disposed of by a consideration of the question as to whether the trial court erred in overruling the motion to suppress evidence presented by the accused prior to the trial.

The motion to suppress evidence was based upon the following grounds:

1. The search warrant was a general warrant or "blanket" search warrant, and void.

2. Neither the purported affidavit nor the purported search warrant described as particularly as may be the place to be searched, as required by the Constitution and statutes of Oklahoma.

3. The sheriff of Pottawatomie County, who signed the affidavit for the search warrant, did not read the affidavit and had no knowledge of the things therein stated.

4. The officers executing the warrant did not make a return on the warrant to the magistrate issuing it together with the contraband allegedly seized, as required by law.

In connection with the contention that the search warrant was a general or "blanket" search warrant as that term is used, the assignment of error is directed at the descriptive part of the warrant, wherein the officer to whom the warrant was directed was commanded to search the following described premises and persons, to-wit:

"Ox Yoke at 2105 North Harrison Street in Shawnee, Oklahoma, the Party House attached thereto, together with each and every room, compartment, container, or structure therein and each and every person in said building and none other buildings nor persons."

It is contended that the command to search "each and every person" without naming the persons or describing them constituted a general warrant. At the hearing on the motion to suppress, the sheriff testified that pursuant to the warrant, he searched the Ox Yoke cafe and at the time of the search there were 25 or 30 patrons of the cafe sitting at tables eating and there were 10 or 12 employees of the defendant in the cafe. Altogether, there were 35 or more persons in the cafe who were subject to search under the terms of the warrant. Not one individual to be searched was described in the affidavit for the search warrant nor in the search warrant, either by name or other descriptive averment.

There is no clear statutory nor constitutional provision authorizing the issuance of a warrant for the search of a person, but this court, in construing Title 22 O.S.1951 § 1223, is committed to the rule that a search warrant may issue for the search of the person of an individual. Bowman v. State, 73 Okl.Cr. 248, 120 P.2d 373; Chronister v. State, 73 Okl.Cr. 367, 121 P.2d 616; Keith v. State, 30 Okl.Cr. 168, 235 P. 631; Cook v. State, 75 Okl.Cr. 402, 132 P.2d 349; Williams v. State, Okl.Cr. App. 240 P.2d 1132, 31 A.L.R.2d 851.

Although there have been many decisions from this court discussing a general warrant as applicable to the search of the premises of two or more individuals, the question here presented as to the validity of

a single warrant for the search of two or more persons without naming or describing them is one of first impression.

■ It has been held that a general warrant, or "blanket" warrant, which the law condemns and which the cited constitutional and statutory provisions were intended to prevent, is a warrant to search all places without describing them, or to search a number of properly described places which are shown, on the face of the warrant or by the evidence on a motion to suppress, to be occupied by different owners or lessees. Williams v. State, Okl.Cr.App., 240 P.2d 1132, supra.

■ In Bowman v. State, supra, this court held:

"Where a search warrant is issued for the purpose of searching a person, such person should be particularly described, and if his name is known it should be stated in the warrant."

In Keith v. State, supra, it was stated:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In Miller v. State, 74 Okl.Cr. 104, 123 P.2d 699, this court reversed a conviction where the evidence was obtained by a search of the person of the defendant and the officer making the search did not have a warrant for the arrest of the accused nor a search warrant directing a search of his person and no offense was committed in the presence of the officer justifying the arrest and search of the accused.

■ Applying the above established principles of law to the affidavit and search warrant in question, the conclusion is inescapable that the warrant is a general or "blanket" search warrant, which would authorize the indiscriminate search of a large number of people without naming or describing any of hem. We think the issu-ance of a search warrant to search a large number of persons without naming them is subject to the same objections that are made to a general warrant which authorizes the search of premises occupied by two or more families. If the warrant had been directed to search "John Doe and any and all persons found in his company," it would have been considered a general warrant for the reason that the persons in his company were not particularly described in the warrant. The same defect would be apparent in a warrant directing a search "of any and all persons" without naming or describing them.

Our Constitution, Art. 2, § 30, provides: "the right of the people to be secure in their persons * * * against unreasonable searches or seizures shall not be violated; * * *."

In Keith v. State, supra, in construing said constitutional provision, it was held:

"It is unlawful under section 30, art. 2, of the Constitution of this state, forbidding unreasonable searches and seizures for an officer, without a warrant authorizing it, to search a person * * *."

■ Furthermore, under proposition two, the evidence affirmatively established that the premises searched by the officers were not the premises described in the warrant. The proof showed that the defendant had lived in Pottawatomie County for 60 years. In 1948 she had purchased a 20-acre tract of land just north of the city limits of Shawnee. On this tract of land was a large brown house which was numbered 2105, and between it and a cafe on the land the defendant had constructed 10 or 12 other apartment dwellings which were numbered 2111, 2113, etc. The cafe was numbered 2500 N. Harrison. About 50 yards southwest of the cafe was a large ox yoke adjacent to the highway, and the cafe was generally known as the Ox Yoke cafe, but the name Ox Yoke did not appear on the building nor on the walls on the inside of the building. The premises to be searched were described as "Ox Yoke at 2105 N. Harrison Street." The descriptive word "cafe" or "restaurant" does not appear in the warrant and the street number is indis-

putably that of the large brown house. The only premises searched was the cafe and it was not described in the warrant. In Hood v. State, 90 Okl.Cr. 340, 213 P.2d 883, this court held that a warrant to search premises at 707 N. Quincy Street could not be used as a basis for the search of premises at 709 N. Quincy Street. See also Scogin v. State, 61 Okl.Cr. 348, 68 P.2d 111.

The case of Griffin v. State, Okl.Cr. App., 246 P.2d 424, and cases therein cited, establish the principle of law which effectively forecloses the defendant as to her third proposition. It was therein stated:

"Where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show the officers did not have sufficient knowledge of the charges alleged in the affidavit."

Likewise the contention of the accused that the failure of the officer serving the search warrant to make a proper return of the warrant, as required by Title 22 O. S.1951 § 1233, invalidated the search, may not be sustained. Byrd v. State, 91 Okl.Cr. 433, 219 P.2d 1027; Patterson v. State, 67 Okl.Cr. 98, 92 P.2d 1079; Jackson v. State, 73 Okl.Cr. 149, 118 P.2d 1044.

The conclusions hereinabove stated as regards propositions one and two require a reversal of the judgment of conviction, and for that reason we shall not undertake to discuss the assignments of error with reference to the admission or rejection of evidence, the alleged insufficiency of the evidence to sustain the conviction, and the alleged improper argument of the county attorney.

The judgment and sentence of the County Court of Pottawatomie County is reversed and the defendant is discharged.

POWELL, P. J., and BRETT, J., concur.