GARRETT v. STATE.

No. A-11945.

Criminal Court of Appeals of Oklahoma.

May 19, 1954.

Shelton Skinner, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error C. D. (Curley) Garrett, defendant below, was charged by information in the county court of Pottawatomie county, Oklahoma, with the unlawful possession of 46 pints of tax paid intoxicating liquors in said county and state, on or about December 5, 1952. The defendant was tried by a jury, found guilty, and his punishment assessed at 90 days in jail, and a fine of $250; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Before trial the defendant filed a motion to suppress the evidence on the grounds that it was a blanket search warrant. The ground for the motion was that it directed not only the search of the filling station and beer tavern premises described therein as the D. X. Station and operated by the defendant's wife J. A. Garrett, but in addition thereto directed the search of "each and every person, * * * and vehicle * * *" in said building or on said premises. The defendant claimed control of the filling station facilities where the whiskey was found. The evidence on the motion to suppress discloses that Deputy B. F. Crews, observing a Mr. Foster leaving the premises carrying a sack, waited until the warrant was served on Orville Kimery, an employee of Mrs. Garrett who operated the beer tavern, and thereupon proceeded under the blanket warrant to search the automobile of Foster, said automobile being on the premises jointly operated by J. A. Garrett and defendant C. D. (Curley) Garrett. The trial on the merits of the case brought out in addition to the foregoing, that several other persons were on the premises drinking beer when the warrant was executed, none of them were searched but under the terms of the warrant all of them were subject to its directives. The Attorney General filed no brief though he did not confess error, stated he was unable to overcome the principles announced in Crossland v. State, Okl. Cr., 266 P.2d 649, 651, wherein an identical warrant as to authorization of persons to be searched was condemned as a blanket warrant. Therein this court said:

"It is contended that the command to search 'each and every person' without naming the persons or describing them constituted a general warrant. * * *

"There is no clear statutory nor constitutional provision authorizing the issuance of a warrant for the search of a person, but this court, in construing Title 22 O.S.1951 § 1223, is committed to the rule that a search warrant may issue for the search of the person of an individual. Bowman v. State, 73 Okl. Cr. 248, 120 P.2d 373; Chronister v. State, 73 Okl.Cr. 367, 121 P.2d 616; Keith v. State, 30 Okl.Cr. 168, 235 P. 631; Cook v. State, 75 Okl.Cr. 402, 132 P.2d 349; Williams v. State, Okl. Cr.App., 240 P.2d 1132, 31 A.L.R.2d 851.

"Although there have been many decisions from this court discussing a general warrant as applicable to the search of the premises of two or more individuals, the question here presented as to the validity of a single warrant for the search of two or more persons without naming or describing them is one of first impression.

"It has been held that a general warrant, or 'blanket' warrant, which the law condemns and which the cited constitutional and statutory provisions were intended to prevent, is a warrant to search all places without describing them, or to search a number of properly described places which are shown, on the face of the warrant or by the evidence on a motion to suppress, to be occupied by different owners or lessees. Williams v. State, Okl.Cr.App., 240 P.2d 1132, supra.

"In Bowman v. State, supra, this court held:

" 'Where a search warrant is issued for the purpose of searching a person, such person should be particularly described, and if his name is known it should be stated in the warrant.'

"In Keith v. State, supra, it was stated:

" 'No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law.'

"In Miller v. State, 74 Okl.Cr. 104, 123 P.2d 699, this court reversed a conviction where the evidence was obtained by a search of the person of the defendant and the officer making the search did not have a warrant for the arrest of the accused nor a search warrant directing a search of his person and no offense was committed in the presence of the officer justifying the arrest and search of the accused.

"Applying the above established principles of law to the affidavit and search warrant in question, the conclusion is inescapable that the warrant is a general or 'blanket' search warrant, which would authorize the indiscriminate search of a large number of people without naming or describing any of them. We think the issuance of a search warrant to search a large number of persons without naming them is subject to the same objections that are made to a general warrant which authorizes the search of premises occupied by two or more families. If the warrant had been directed to search 'John Doe and any and all persons found in his company,' it would have been considered a general warrant for the reason that the persons in his company were not particularly described in the warrant. The same defect would be apparent in a warrant directing a search 'of any and all persons' without naming or describing them.

"Our Constitution, Art. 2, § 30, provides: 'the right of the people to be secure in their persons * * * against unreasonable searches or seizures shall not be violated; * * *.'

"In Keith v. State, supra, in construing said constitutional provision, it was held:

" 'It is unlawful under section 30, art. 2, of the Constitution of this state, forbidding unreasonable searches and seizures for an officer, without a warrant authorizing it, to search a person * * *.' "

Under the foregoing authority the trial court erred in not sustaining the defendant's motion to suppress, and the judgment and sentence of the county court of Pottawatomie county is accordingly reversed and the defendant discharged.

POWELL, P. J., and JONES, J., concur.