### A. E. WILLIAMS v. STATE.

No. A-9517.  Jan. 19, 1940.
(98 P. 2d 621.)

Gerald Spencer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. This appeal is prosecuted from a judgment of conviction had in the county court of Grady county, wherein appellant, A. E. Williams, was found guilty of unlawful possession of intoxicating liquor and his punishment assessed at a fine of $50 and confinement in the county jail for 30 days.

There is only one of the assignments of error briefed and argued. This assignment is based upon the overruling of the motion to suppress the state's evidence.

The record discloses that on October 9, 1937, on affidavit for search warrant was made before Harold E. Hafer, justice of the peace, by H. A. Mitchell, alleging that whisky, beer, wine, and other intoxicating liquors are being kept by one A. E. Williams, on the following described premises, in Grady county:

"Premises known and described as the Second (2nd) house east of Highway No. 81, on West Michigan Avenue, on the North Side of said Avenue, Just West of the City Limits of the City of Chickasha, Grady County, State of Oklahoma, and in the dwelling, barn, dugout and the curtilage thereof and appurtenances thereto on said above described land."

It is also alleged that said building is a private residence, occupied as such and is a place of public resort.

The undisputed facts are that affiant, Mitchell, a deputy sheriff, in executing a search warrant proceeded to the premises described and there served a copy of the

search warrant on appellant, and with another officer made a search and discovered 15 pints of whisky in a metal tank, buried under the floor of the henhouse on the premises.

When the case was called for trial there was a motion to suppress the evidence obtained under the search warrant on the ground that the search warrant was not issued, served and returned according to law, and particularly on the ground that the affidavit for the search warrant does not sufficiently describe the place or premises to be searched.

Following the hearing the trial court ruled:

"I find that Highway 81 is not a controlling description of the premises of the defendant, and that irrespective of said description the premises of the defendant can be located with reasonable certainty. The motion to suppress the evidence is overruled. Exception allowed."

We deem it sufficient to say that the affidavit and search warrant issued thereon sufficiently describe the place to be searched.

In State v. Skelton, 36 Okla. Cr. 377, 254 P. 754, it is said:

"A motion to suppress evidence on the ground that the affidavit for search warrant is insufficient should be overruled, where the constitutional and statutory requirements and sufficient evidentiary facts are stated in the affidavit to warrant the magistrate in making a finding of probable cause." Ross v. State, 38 Okla. Cr. 252, 260 P. 90.

The record discloses that appellant had a fair trial. The judgment of conviction herein is accordingly affirmed.

BAREFOOT, J., concurs.