WILLIAM R. VINCENT v. STATE.

No. A-10068.  Sept. 11, 1942.

(129 P. 2d 196.)

J. Forrest McCutcheon, of Dallas, Tex., for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.   Defendant, William R. Vincent, was charged in the common pleas court of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to-wit, 49 pints and 3½ pints of tax-paid whisky, was tried before the court without the intervention of a jury, by agreement, was convicted and sentenced to pay a fine of $50 and serve 30 days in jail, and has appealed.

It is first contended that the court erred in overruling the motion to quash the search warrant and suppress evidence.   This is based upon the proposition that the search warrant had therein the name "John Doe" and not the name of the defendant, William R. Vincent, who was known to the officer making the affidavit.   We have often announced that it was the best practice for officers, in making affidavits for search warrants, to state the name of the individual whose premises were to be searched. Denmark v. State, 71 Okla. Cr. 95, 108 P. 2d 550, and

cases cited therein. We reiterate this statement, and it should be followed where the name of the defendant is known to the officer; however, we have not held that it was always imperative that this be done, especially where the name of the party was unknown. In the instant case the search was not so much of the defendant as it was of the place he occupied as a business. He was operating the "Alamo Tourist Camp" and this was the place described in the search warrant to be searched. The officer testified that he found defendant, Vincent, there, and that he had seen him there on numerous other occasions when he had been to the premises for the purpose of searching the same. He also testified on cross-examination as follows:

"A. I did not know who might be in charge of the place. There had been another man, by the name of T. J. or J. T. Smith, at one time we raided and I didn't know who would be in charge of the place at the time we went there."

While we are of the opinion as heretofore stated that officers should give the exact name of the defendant where known, yet under the facts here stated this failure would not be reversible error. John Doe search warrants have long been recognized by the courts, but as above stated we do not approve their use unless necessary.

It is next contended that the court erred in overruling the plea in bar presented by the defendant. This plea is based upon the fact that county officers searched the premises of the defendant about 4 p. m. on the 5th day of October, 1940, and found 49 pints and 3½ pints of tax-paid whisky in a plant on defendant's premises about 25 feet from his back door, and that about 9:30 at night of the same day other state officers from the State Highway Department bought whisky from the defendant and searched his premises and found nine pints

of whisky in a separate plant. Defendant claimed, and so testified at the hearing on the plea in bar, that it was the same whisky and that county officers failed to find the nine pints at the time of the search at 4 p. m. This is an attempt on the part of the defendant to bring himself within the rule often announced by this court that there cannot be separate offenses charged where only one offense has been committed. Estep v. State, 11 Okla. Cr. 103, 143 P. 64; Hourigan v. State, 38 Okla. Cr. 11, 258 P. 1057; Jackson v. State, 11 Okla. Cr. 523, 148 P. 1058. See, also, Wiley King v. State, 73 Okla. Cr. 411, 121 P. 2d 1021. In other words, the state would not be permitted to find a defendant with intoxicating liquor in his automobile and charge him with conveying and also illegal possession of the same liquor at the same time or of finding the defendant in possession of a quantity of intoxicating liquor and so divide the amounts that separate charges could be filed as to each separate amount; but the facts as revealed by the record do not justify the contention. Here the defendant's premises were searched at 4:30 in the afternoon by county officers. He made bond and was released about 7:30 on the same day. At about 9:30 a number of state officers came to his place of business and purchased from him a pint of whisky and paid therefor the sum of $1.50. He was immediately placed under arrest and the other officers, upon being signaled of his arrest, searched the premises and found nine pints of whisky in a plant on defendant's premises. This plant, according to the evidence of the defendant himself, was a different one from the one in which the county officers found the 49 pints and the 3½ pints at 4:30 in the afternoon. It was no doubt the contention of the state that defendant, on being released at 7:30, had returned to his place of business and again engaged in

the sale of intoxicating liquor. The facts and circumstances sustain this conclusion. This appears to be one of those cases where the defendant just wasn't going to quit. We know of no reason why a crime may not be committed by a defendant at 4:30 in the afternoon and another crime be committed by him at 9:30 in the evening, even though the crime be of the same character. The facts in the case seem that this was just what was done.

In the case of Beaman v. State, 69 Okla. Cr. 455, 104 P. 2d 260, this court in an opinion by Judge Jones has had occasion to consider this question. The facts in that case are different from the facts in the instant case. If defendant had been tried before a jury, he would have had a right to have submitted an instruction as to whether the liquor found at the time the county officers searched the premises, at 4 p. m., and the liquor found by the state patrolmen at 9:30 were a part and parcel of the same liquor. But a jury was waived and the case was tried before the court. The rule is that when a jury is waived by a defendant and his case tried before the court, the findings and judgment of the court are as binding upon questions of fact as if the case had been submitted to a jury and they had passed upon them.

We find no error in the overruling of the plea in bar filed in this case.

It is lastly contended by the defendant that the judgment and sentence is in violation of the constitutional rights of the defendant and contrary to the law and the evidence. This contention is made upon the plea that defendant cannot twice be put in jeopardy for the same offense. The statement which we have above made clearly reveals that this contention is without merit.

It is revealed by the record that defendant's place had been searched upon numerous occasions and liquor

121

had been found thereon. The search upon this occasion resulted in the finding of 49 pints and 3½ pints of tax-paid liquor in a secreted plant on the defendant's premises. He admitted to the officers it was his liquor. Defendant did not take the witness stand or offer any evidence in his own behalf. Under these facts it is clear that the judgment and sentence of the court of common pleas of Oklahoma county should be affirmed, and it is so ordered.

DOYLE and JONES, JJ., concur.