## GRADY SANDERS v. STATE.

No. A-10099.   Jan. 20, 1943.

(133 P. 2d 562.)

D. D. Archer, Fred Black, and C. C. Andrews, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Grady Sanders, was convicted in the common pleas court of Oklahoma county upon an information charging the crime of unlawful possession of intoxicating liquor, was sentenced to serve 45 days in the county jail and pay a fine of $50 and costs, and has appealed.

The principal question raised by defendant concerns the search warrant.  The search warrant was what is known as a John Doe search warrant; that is, the name John Doe was inserted in the warrant in the place of the name of the defendant.  Although some question was raised by defendant concerning the legal description set forth in the search warrant, it is clear to this court from the record that the description of the premises was correctly set forth in the warrant.

One of the officers who made the raid stated that he knew the defendant lived at the premises.  Relying upon this evidence, the defendant insists that the search warrant was insufficient as a matter of law to authorize the search, citing Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381, which holds that where the name of the party whose premises were sought to be searched was known to the officer, it should be inserted in the search warrant.

However, the affiant who went before the justice of the peace to procure the search warrant swore that he did not know who lived at the premises to be searched, but that he did know it was some person who was sell-

ing whisky for one Fuller. Since the affiant did not know who resided on the premises, it was not error to insert the name of the occupant as John Doe.

In the recent cases of Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196, and Cook v. State, 75 Okla. Cr. 402, 132 P. 2d 349, we have discussed the proposition now raised by the defendant.

In Vincent v. State, supra, it is stated:

"It is not always reversible error when the name 'John Doe' is substituted. This is especially true when the name of the party is unknown or the name of the party residing on the premises to be searched is unknown."

In Cook v. State, supra, it is stated:

"Where search warrant is issued for the search of specifically described premises only and not for the search of a person, failure to name the owner or occupant of such property in the affidavit and search warrant does not invalidate them; and where the name of the owner of the premises sought to be searched is incorrectly inserted in the search warrant, it is not a fatal defect if the legal description of the premises to be searched is otherwise correct so that no discretion is left to the officer making the search as to the place to be searched."

In view of the above decisions and the authorities cited in the opinions disposing of said cases, it is our conclusion that the court did not err in overruling the motion to suppress the evidence.

It is well to call attention to the fact that the defendant did not testify at the trial, but did testify on the motion to suppress that the whisky belonged to him, and that he was present when the search was made and the 300 pints of liquor seized by the officers.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT and DOYLE, JJ., concur.