## CHARLES HUGHES v. STATE.

No. A-10253.     March 15, 1944.

(147 P. 2d 176.)

John F. Thomas, of Lawton, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Charlie Hughes, was charged in the county court of Comanche county with the unlawful possession of intoxicating liquor, a jury was waived. defendant was tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $200 and costs, and has appealed.

The only issue presented is whether the description in the search warrant was a sufficient legal description of defendant's premises to lawfully entitle the officers to make a search of defendant's home.

Prior to the trial, the defendant filed a motion to suppress the evidence because the description in the search warrant was erroneous. At the hearing on the motion to suppress, proof was introduced both by the state and the defendant.

The description of the premises in question, as set forth in the search warrant, reads: "certain one story, red tile house, with shingle roof, facing south, the same having a porch on south, the same being the first house west of the Ice Plant, on the north side of the street, said house being the third house east of the east limits of Fletcher, Oklahoma, on the north side of Main Street, east of Town of Fletcher, Comanche County, Oklahoma."

It was undisputed that the house of defendant was a one-story, red tile house, with shingle roof, facing south, and that there were no other houses in the immediate vicinity of that description. The defendant had built this house along with some others adjacent to it of the same material, but the other houses had been covered with stucco.

The conflict in the testimony of the state and defendant arose from that part of the description which recited that the defendant's house was the first house west of the ice plant; the proof of defendant being that the defendant's house was the second house west of the ice plant. The proof of the state was that the defendant's house was the first house west of the ice plant, but the officer who testified for the state on the motion to suppress admitted that there was another house west of the ice plant, but that it was northwest of the ice plant and not west. That the house northwest of the ice plant faced the west and did not face the south and did not meet with the other descriptive averments set forth in the search warrant. There seems to be little dispute but what the house of defendant is correctly described as the third house east of the east limits of Fletcher on the north side of Main street, although one or two witnesses thought that it was the fourth house.

Some contention is made of the fact that the street running in front of defendant's house is referred to in the warrant as Main street, when its real name, according to the town plat, was Bateman avenue. However, in refutation of this, every witness who testified both for the state and defendant referred to the street as Main street. It was the street on which the business of the town was located. The incorporators of the town had given that street the name of Bateman but everyone referred to it as Main street. There seems to have been no way that the designation of this street as Main street could have been confusing to the officers undertaking to serve the warrant. This street was the principal thoroughfare through the town.

At the conclusion of the hearing on the motion to suppress, the trial court made the following statement:

"I have listened to all of this evidence, there is no question in the court's mind about what these witnesses testified, it was all understood that the main street of Fletcher is the street described in this search warrant, generally understood so by everybody. I first thought when they began to introduce the evidence there was another house but I found out it was properly described from the city limits. There might be a little discrepancy on the other, but I can see in a way where that could properly be construed to be alright, it sets back on the road and wouldn't be right directly west of the ice plant, it would be northwest, and I'll overrule the motion."

In the case of Williams v. State, 68 Okla. Cr. 334, 98 P. 2d 621, 622, the warrant was sustained which described the premises as:

"Premises known and described as the Second (2nd) house East of Highway No. 81, on West Michigan Avenue, on the North Side of said Avenue, Just West of the City Limits of the City of Chickasha."

In Smart v. State, 63 Okla. Cr. 162, 73 P. 2d 488, 489, the description was held sufficient, which stated:

"From the south end of Wewoka St., Wewoka, Okla. one mile east, then south approximately one and one half mile to old Eureka Tool house, then east two hundred feet, third house on south side of road."

There was a conflict in the evidence which raised a question of fact as to the correct legal description. There is substantial evidence in the record to support the finding that the description set forth in the search warrant was the correct description of defendant's premises. Under the uniform holdings of this court, such finding of the trial court, when supported by substantial evidence, will be sustained on appeal. Peterson v. State, 76 Okla. Cr. 46, 133 P. 2d 914.

It is also insisted that since the name "John Doe" was inserted in the search warrant as the name of the person

in possession of the premises to be searched that the search warrant was thereby invalidated.

We have held that where the name of the owner or occupant of premises is known to the person making the affidavit to obtain the search warrant that it is better practice to insert his name in the affidavit and warrant. However, where the search warrant is for specifically described premises only, and not for the search of a person, the failure to name the owner or occupant of the property in the warrant does not invalidate it if the description of the premises to be searched is otherwise correct. Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196; Cook v. State, 75 Okla. Cr. 402, 132 P. 2d 349; Sanders v. State, 76 Okla. Cr. 6, 133 P. 2d 562.

The officers found 15 pint bottles of whisky, three quart bottles of whisky, three pint bottles of gin, one quart bottle of whisky partially filled, and one quart bottle of alcohol partially filled. No defense witnesses were offered at the trial.

Holding as we have that the issue on the motion to suppress raised a question for determination of the trial court and that his ruling thereon is supported by substantial evidence, and further finding no material error in the record, the judgment and sentence of the county court of Comanche county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.