FULBRIGHT v. STATE.

No. A-11607.   Sept. 17, 1952.

(248 P. 2d 651.)

W. H. Cooper, Anadarko, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and Sam H. Lattimore, Ass't Atty. Gen., for defendant in error.

JONES, J. The defendant, Carl Fulbright, was charged by an information filed in the county court of Caddo county with the illegal transportation of whiskey; was tried, convicted, and pursuant to the verdict of the jury was sentenced to serve 30 days in the county jail and pay a fine of $500; and has appealed.

For a reversal of the conviction it is contended in the brief of defendant that the following errors were committed: First, error of the court in overruling the motion to suppress evidence. Second, error of the court in giving instruction No. 12.

Prior to the commencement of the trial the defendant filed a motion to suppress the evidence. The case-made does not show what evidence was introduced on the motion to suppress, but the order which was entered when the motion to suppress was overruled recited that the court heard witnesses sworn and examined in open court.

The burden of proof is upon the movant to introduce evidence to show the invalidity of the search. Not only should he introduce evidence, but when the case-made is prepared for appeal he should see that the evidence introduced by him in support of his motion is included in the record filed with this court in order that we may properly determine whether the trial court erred in its action in overruling the motion to suppress.

In the trial of the case it developed that the sheriff, the undersheriff and the county attorney procured a search warrant for a search of the premises occupied by the defendant. After serving the warrant on the wife of defendant the officers searched the house and found a case of whiskey. The county attorney remained outside of the house while the officers were engaged in making a search of defendant's house. The defendant drove up in his automobile. He saw the officers' car, hurriedly backed his automobile out of the yard and started driving away. The county attorney yelled for the officers, who ran out of the house and commenced pursuit of defendant's car. The defendant reached the town of Binger ahead of the officers and parked his car on the street. When the officers reached the defendant's car the defendant was sitting in it, and in the back seat were three cases and ten pints of whiskey. The defendant was arrested, taken back to his home and then transported to jail.

The officers testified that they started in pursuit of the defendant for the purpose of arresting him because of the intoxicating liquor which they found in his house. Under such circumstances they were legally entitled to pursue the accused and arrest him because of the crime which he had committed at his home. These facts were shown at the trial without objection, and since both

the state and defendant argue their sufficiency in connection with a motion to suppress, we are setting forth the facts and holding that they were sufficient to justify the arrest of the accused and the seizure of the whiskey which was being transported in his automobile. However, we still adhere to the rule that the accused should have introduced evidence to show the invalidity of the search and where he failed to do so he should have interposed an objection to the evidence concerning the liquor seized in the automobile at the first opportunity presented at the trial at which such evidence was offered. Otherwise, his right to object is deemed waived. Cornett v. State — Okla. Cr. 249 P. 2d 1016.

Instruction No. 12 which was complained of reads as follows:

"You are further instructed, Gentlemen of the Jury, that if you find from the evidence that the sheriff and his under-sheriff were in pursuit of the defendant for the purpose of arrest, that they had a lawful right to make the arrest, then it was not necessary to have a search warrant to search the automobile, or if you find from the evidence beyond a reasonable doubt that the sheriff arrested the said defendant for some other cause and thereafter made a search of the automobile and found intoxicating liquor therein having been transported, you will find the defendant guilty."

The question as to the validity of the search was a question of law for the court to determine. Under no circumstances should the court submit this question to the jury for its determination. Not only in instruction No. 12, but in instruction No. 11 and instruction No. 13 did the court submit the issue as to the legality of the search to the jury. The giving of all three of these instructions constituted error, but it was favorable error and the defendant cannot complain. The court had ruled as a matter of law that the search was legal and the defendant by these instructions was again having the question submitted to the jury, which was improper. Roberts & Harrington v. State 95 Okla. Cr. 365, 245 P. 2d 759.

There are no errors in the case of sufficient importance to require a reversal of the conviction. The judgment and sentence of the county court of Caddo county is accordingly affirmed.

BRETT, P. J., and POWELL, J., concur.