## MATHIS v. CITY OF TULSA.

No. A-11787. Oct. 14, 1953.

Rehearing Denied Oct. 29, 1953.

(262 P. 2d 710.)

Elmore A. Page, Tulsa, for plaintiff in error.

A. M. Widdows, City Atty., Tulsa, Harry Seaton, Asst. City Atty., Tulsa, for defendant in error.

POWELL, P. J. In this case H. L. Mathis was charged in the municipal criminal court of the city of Tulsa with the unlawful transportation of intoxicating liquor. Defendant first demanded a jury trial, and thereafter when he was about to be forced to trial, waived a jury.

Three days prior to the case coming on for trial defendant filed a motion to suppress the evidence, claiming an unlawful search and seizure. When the case was called for trial, the attorney representing the city stated:

"It is the position of the City in this case that this motion to suppress comes too late. This case was set on the jury docket, and we are ready for trial. The defendant waived a jury trial and asked that the case be continued to this day."

The trial court ruled that the motion to suppress came too late, to which ruling counsel for the defendant excepted. Of course, this ruling constituted error, see syllabus 4 of Mendenhall v. State, 82 Okla. Cr. 220, 168 P. 2d 138; Mayberry v. State, 62 Okla. Cr. 183, 186, 70 P. 2d 1106, but was cured by subsequent events. Thereupon counsel for defendant interposed an objection to the introduction of any evidence, "By and for the reason that the search of the defendant's property and person was made in an illegal and unlawful and improper manner, contrary to the laws of the State of Oklahoma as therein made and provided. Further, that the evidence in chief to be used against the defendant was obtained in an unlawful and improper manner, contrary to the laws of the State of Oklahoma, as therein made and provided; and the defendant specifically objects to the introduction of evidence."

The above took place on March 11, 1952, and the court at that point continued the case until March 18, 1952. On March 18, 1952 the court apparently recognizing that he had committed error in refusing to permit counsel for the defendant to introduce evidence in support of his motion to suppress, did permit counsel to introduce evidence in support of his objection to the introduction by the state of any evidence in the case. Thereupon counsel for defendant called as a witness Luther Freelin, a colored police officer, who testified that on the 7th day of November, 1951, he was on duty as a police officer in the city of Tulsa,

and had occasion to arrest Hershel Mathis in the alley between Archer and Cameron streets; that he was driving a police car accompanied by another colored officer, Joseph Alexander; that he drove in the alley in question from the south and was proceeding north and noticed the defendant in a car headed south and that the alley was narrow and Mathis had been forced to stop his car by reason of a truck blocking his way; that the officers were trying to get their car between Mathis and the truck without hitting either one. That witness observed a white woman in the rear seat of the Mathis car, and also observed lugs of whiskey stacked between the front and rear seats. That the officers stopped their car and placed Mathis under arrest and unloaded the whiskey and carried it to the police station.

Witness was positive that he saw the lugs of whiskey prior to arresting the defendant. His testimony was substantially corroborated by the other police officer, Joseph Alexander, whom the defendant used as a witness.

The defendant testified and denied that it was possible for the officers to see the lugs of whiskey in the rear of his car, as he claimed he had such lugs covered with a blanket. He stated that the officers whipped into the alley and yelled at him: "Hold her there a minute", and "Where you going?" That witness answered, "No place." That the officers pulled on up and searched his car without a search warrant and without being able to discover the liquor without a search.

The court heard the evidence, and believed the two officers, who had been called to testify by the defendant in support of his objection to the introduction of evidence. The court believed the officers rather than the defendant. The proceedings gone through were for the same purpose as if the testimony had been heard in support of the motion to suppress, that is, the sole purpose of his evidence was to acquaint the court with the actual facts in order that he might determine whether or not there had been a legal and proper search and seizure which made the evidence resulting therefrom admissible on the trial of the case.

We have held in a number of cases that where there is competent evidence to support the ruling of the court, this court will not interfere therewith. Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671; Kirk v. State, 92 Okla. Cr. 360, 223 P. 2d 558; Dawson v. State, 83 Okla. Cr. 263, 175 P. 2d 368.

The defendant filed his brief herein on December 18, 1952, and the city attorney was due to file a brief not later than January 18, 1953. Up to date, he has never filed a brief.

It appears that it is not the practice of the Attorney General to represent municipalities in cases on appeal from municipal courts, unless called on by the municipal attorney for assistance. Where the state prosecutes a case, it would be the duty of the Attorney General to handle the case on appeal. Tit. 74 O.S. 1951 § 18b(a).

At the conclusion of the hearing of the evidence in support of the objection to the introduction of evidence, it was stipulated and agreed by and between the parties as follows:

"Mr. Page: It is agreeable with the defendant that the evidence heretofore presented in so far as the objection to the introduction of evidence may be considered by the court in arriving at his judgment and sentence in this case."

The court thereupon found the defendant guilty as charged and set the sentence date for April 3, 1952, at which time he sentenced the defendant to pay a fine of $94 and $6 costs, and thirty days in the city jail.

Under the uniform holding of this court, when a jury is waived and the case is tried to the court and there is any competent evidence in the record to support the judgment rendered, the same will not be set aside by this court. McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Heald v. State, 78 Okla. Cr. 130, 145 P. 2d 206; Hughes v. State, 78 Okla. Cr. 240, 147 P. 2d 176.

The judgment and sentence is affirmed.

JONES and BRETT, JJ., concur.