Danny Caswell CATES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–20.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1973.

E. Terril Corley, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Danny Caswell Cates, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–72–2321, for the offense of Second Degree Burglary, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Jewell Kay Yarbrough testified that she lived at 1522 South 77th West Avenue in Tulsa, Oklahoma, and was employed by Blue Cross-Blue Shield as a janitress from 4:00 p. m. until 12:30 a. m. On the morning of December 8, 1972, she arrived home and discovered her house had been burglarized and testified as to numerous articles which were missing. She identified certain articles introduced by the State as having been taken from her home.

Carl Chism next testified that he was employed as a deputy sheriff on December 8, 1972, for the County of Tulsa, Oklahoma. He investigated the burglary of Mrs. Yarbrough's house on that date. He further testified that Mrs. Yarbrough identified certain property in the City Police Property Room as having been taken from her home.

Samuel J. McCullough testified he was employed as a police officer for the City of Tulsa on December 8, 1972. At about 12:45 a. m., December 8, 1972, he was on routine patrol duty driving westerly on Bradley Street when he observed three male occupants in a white over blue, 1965 Ford convertible, driven by the defendant in an easterly direction without a tag light. He knew this to be in violation of the ordinances of the City of Tulsa and for that reason, he turned around, pursued and stopped the vehicle for such violation.

Officer McCullough further testified that he got out of his car and asked the defendant to get out of his. The two then sat in the patrol car and the officer asked

defendant for his driver's license and then asked where he and his companions had been. Defendant answered that they had been to his girl friend's house. The officer then walked over to the defendant's automobile, leaving the defendant in the patrol car, obtained and checked the identification of the other two and, as he did so, he shined his flashlight into the rear seat of the automobile and observed some Christmas presents and other merchandise in the back seat and a .22 caliber pistol laying in the top of an open grocery sack in the back seat, which later proved to be a starter pistol. He then returned to the patrol unit and placed the defendant under arrest and read to the defendant the Miranda warnings. Defendant stated he understood his Miranda rights. Upon being told by the officer that his two companions had told him that they had not been to his girl friend's house, but had been to a different place, the defendant admitted the Christmas presents and other merchandise had been taken by him in a burglary which he described in detail and which later was established to be the one described in the Information filed in the case. Defendant stated his two companions had assisted him and Officer McCullough returned to the other vehicle and placed them under arrest. A further search of the vehicle produced a second weapon, a loaded .22 caliber pistol.

The defendant did not take the stand nor offer any evidence in his behalf.

■ Defendant's first assignment of error asserts that "The trial court committed reversible error in refusing to grant an evidentiary hearing to the defendant regarding the question of the validity of the arrest of the defendant."

The defendant urges that his motion for the evidentiary hearing was made during the course of the trial, out of the presence of the jury, after two of the State's witnesses, who knew nothing concerning defendant's arrest, had testified and just before the State called for Officer Samuel J. McCullough, the arresting officer, to testify. The thrust of the evidentiary hearing was solely against Officer McCullough's testimony as given at the preliminary hearing held on December 22, 1972, and given substantially as stated above, and in an effort to establish that the officer's arrest of defendant was without probable cause, therefore illegal, as well as the seizure of the various items of evidence by the officer from defendant's vehicle following the arrest. No other State's witness, either at the preliminary or at the trial, testified in any particular concerning matters leading up to and the arrest of defendant.

The trial judge, as stated by the defendant, overruled the motion for evidentiary hearing. It is apparent he did so for the obvious reason the matter or issue had been before and previously ruled on by the trial court. We think the record so reflects and convincingly so.

We must bear in mind the sole arresting officer, Officer McCullough, testified at the preliminary hearing held December 22, 1972. Defendant was held to answer as charged in the Information. On December 26, 1972, defendant filed his written Motion to Quash the Information and his written Motion to Suppress "any and all evidence obtained as a result of a search and seizure conducted by Officer S. J. McCullough of the Tulsa Police Department on or about the 9th day of December, 1972, for the reason such purported evidence was obtained illegally and in violation of the defendant's constitutional rights, both State and Federal."

The record in the trial court and now before us positively reflects that at defendant's arraignment the court ordered hearing of the two motions, Motion to Quash and Motion to Suppress, to be held January 10, 1973, at 1:30 p. m.

On December 27, 1972, upon defendant's affidavit and application to obtain transcript in Forma Pauperis, the court ordered "that it is a matter of the utmost necessity that defense counsel be equipped with complete transcript of the testimony of S. J. McCullough at the preliminary hearing heretofore held on the 22nd day of

December, 1972," and directed the transcript to be made and so furnished at the State's expense. It was so made, furnished and filed in the case on January 5, 1973.

The trial court's record affirmatively shows that the Motions were heard and overruled by District Judge Robert G. Green on January 11, 1973, and the defendant, who appeared in person and by his counsel of record, duly excepted to the ruling of the court.

Later, in reference to settlement of the transcript for appeal, the State's attorney and defense counsel entered into a written stipulation in which the State asserts in reference to the requested evidentiary hearing, "the same was objected to by the State for the reason the preliminary magistrate had had an occasion to rule on the matter as had District Judge Robert Green at the time of the District Court arraignment."

■ It is obvious that Judge Green ruled on the matter or issue in question on January 11, 1973, at which time he had Officer McCullough's testimony before him. It appears from the record that neither defendant nor any witness on his behalf offered to testify at that hearing. Failure of the defendant to do so constituted a waiver of his right to do so. There was no error by the court for failure to conduct a second hearing, during the trial, on the very matters it had ruled on on January 11, 1973. Defendant's proposition one is without merit.

■ The defendant's second proposition asserts that the arrest of the defendant by Officer McCullough was a subterfuge or pretext, thus making fruits of the crime inadmissible against the defendant.

The defendant's argument under this proposition is that the arrest of the defendant for a defective tag light was a mere pretext so the officer could determine if there was any evidence to be found to incriminate the defendant. In the instant case, Officer McCullough initially stopped the defendant for a defective tag light, and from a complete review of the record, we find nothing to indicate that this was a sham arrest. After stopping defendant, Officer McCullough observed the Christmas presents and a gun laying in the top of an open grocery sack in the back seat in plain view. After advising the defendant that the two accounts given by him and his two companions were inconsistent and advising the defendant of his Miranda rights, the defendant voluntarily confessed to being involved in a burglary and implicated his two companions in the burglary, thus giving Officer McCullough probable cause to arrest the two companions and seize the merchandise in the back seat of the car, which was in plain view.

Under these facts and circumstances, it is our opinion that the initial arrest was not a sham for the purpose of searching defendant's automobile for evidence and, in fact, no search was ever made of defendant's automobile. The evidence discovered by Officer McCullough was in open view and was not discovered as a result of a search and was therefore admissible. See Battles v. State, Okl.Cr., 459 P.2d 623 (1969). Also see Turci v. State, Okl.Cr., 482 P.2d 611 (1971).

■ The defendant's third proposition asserts that the trial court erred in failing to require the State of Oklahoma to prove by competent evidence that a defective tag light was a violation of the City Ordinance of the City of Tulsa. The defendant under this proposition cites the case of Boyle v. State, Okl.Cr., 491 P.2d 304 (1971). This case deals with an appeal from a conviction in a municipal court where the defendant was charged with a violation of a city ordinance and in our opinion, is not applicable to the instant case. In the instant case, the fact of whether or not the defendant violated an ordinance of the City of Tulsa only has bearing on the validity of the arrest of the defendant and even assuming that the City of Tulsa did not have an ordinance making it a violation to operate a motor vehicle within the city limits of Tulsa with a defective tag light, the defendant was still committing a

misdemeanor in the presence of Officer McCullough by violating 47 · O.S.1971, § 12–204(c) which requires all vehicles to be equipped with a white light to render the vehicle's registration plate legible from a distance of fifty (50) feet. We therefore find this proposition to be totally without merit.

As the defendant received the minimum punishment provided by law and finding no error sufficient to justify a reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurring.

BRETT, Judge (specially concurring).

The judicial determination of the validity of a search under constitutional or statutory attack must, as this Court has so often had occasion to note, depend upon the facts and circumstances surrounding the search. In the ordinary case, those facts are, at best, only tangentially related to the facts to be proved at the trial of the case upon its merits. Therefore, there can be no doubt that when the accused in a criminal prosecution challenges the validity of a search by making a timely motion to suppress evidence, he is entitled, upon proper request, to a hearing on that motion wherein he may present evidence in support. See Stevens v. State, Okl.Cr., 274 P.2d 402; Mathis v. City of Tulsa, 97 Okl.Cr. 317, 262 P.2d 710; Fulbright v. State, 96 Okl.Cr. 36, 248 P.2d 651; Mayberry v. State, 62 Okl.Cr. 183, 70 P.2d 1106; cf. Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223, 13 L.Ed.2d 142; Kelly v. State, Okl.Cr., 415 P.2d 187. This Court has further held that when such a motion is timely interposed at trial, such a hearing must be conducted outside the presence of the jury. Stevens v. State, supra.

In the instant case, the constitutionality of the search depends upon the constitutionality of the initial arrest. A finding that the initial arrest was merely a subter-fuge to search would have resulted in the suppression of material evidence against the defendant. Defendant's counsel at trial questioned the validity of his arrest and requested an evidentiary hearing on that issue outside the presence of the jury. The trial judge denied that request.

Beck v. Ohio, supra, is instructive of the duty of a trial court in such a case. There the Supreme Court stated:

"When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed. [citations omitted] If the court is not informed of the facts upon which the arresting officers acted, it cannot properly discharge that function." 379 U.S. at 96, 85 S.Ct. at 228, 13 L.Ed.2d at 148.

There is no doubt defendant in this case was entitled to an opportunity to present to the court his evidence in support of his motion to suppress. It is apparent that the arbitrary denial of such an opportunity erodes the foundation upon which rests the right of a criminal defendant to have illegally obtained evidence against him excluded from trial, and precludes effective judicial review of the trial court's determination of the issue.

The question before this Court in this case was whether the ruling of the trial court constituted such an arbitrary denial in light of the record in this case which reveals that a hearing on defendant's motion to suppress was had before another district judge subsequent to the preliminary hearing and prior to the date of trial.

Although this Court has stated that it is the better practice for counsel for the defense to present a motion to suppress prior to the date of trial, it is well settled that a failure to so do does not waive the right of the defendant to make a timely motion to suppress illegally obtained evidence at the time of trial. Veales v. State, Okl.Cr., 374 P.2d 792. Therefore, it would be neither

logical nor just to penalize the diligent defendant who has once presented his motion to a district judge, but who, at the time of trial, has additional evidence in support thereof by denying him an opportunity to present that additional evidence. It is my opinion that in such a case, if the evidence challenged be material, the proper solution would be for this Court to remand the matter to the trial court with instructions to conduct a hearing limited to the issue of whether the evidence in question was illegally obtained. See State of Arizona v. Enriquez, 106 Ariz. 304, 475 P.2d 486; United States v. Lee, 428 F.2d 917 (6th Cir. 1970); Costello v. United States, 298 F.2d 99 (9th Cir. 1962).

I do not believe, however, that the record in the instant case dictates such a result. In the case of Hart v. State, Okl. Cr., 488 P.2d 1335, this Court held that it was not error for the trial judge to refuse defendant's request for an evidentiary hearing upon his motion to suppress where it appeared that defendant had had, prior to trial, full opportunity to present evidence in a hearing on the same motion before a district judge, that the same witnesses would be called at the second hearing, and that defendant made no allegations that he had new evidence to present. The record on appeal in this case likewise discloses neither an allegation that the defendant had additional evidence to present, nor any offer of proof. For that reason, upon the authority of Hart v. State, supra, I concur in the holding of this Court that the trial court did not err in denying defendant's request for an evidentiary hearing and in relying upon the earlier ruling of Judge Green on defendant's motion to suppress.

The state of the record in this case has put this Court in the anomolous, though not necessarily improper, posture of reviewing the decision of one district judge in overruling defendant's motion to suppress by examining the evidence before the trial judge who refused to rule upon that motion. While I concur in the result reached upon defendant's contention that

the arrest in this case was a subterfuge, I would reiterate the comment made by this Court in Fulbright v. State, 96 Okl.Cr. 36, 248 P.2d 651, on the procedure to be followed by the defense counsel who has challenged the validity of a search:

> "Not only should he introduce evidence, but when the casemade is prepared for appeal he should see that the evidence introduced by him in support of his motion is included in the record filed with this court in order that we may properly determine whether the trial court erred in its action in overruling the motion to suppress." 248 P.2d at 652

Therefore premised upon the assumption that a fair hearing was had by Judge Green on defendant's motion to suppress, I concur in this decision.