Robert J. PALERMO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–288.

Court of Criminal Appeals of Oklahoma.

March 23, 1976.

Mary E. Bane, Bane & Williams, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Mark Elkouri, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Robert J. Palermo, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Payne County, Case No. CRF–74–58, for the offense of Unlawful Possession of Marihuana With Intent to Distribute, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at three (3) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The evidence presented at trial reveals that on March 18, 1974, Daniel R. Martin, an Oklahoma State University Detective, obtained a search warrant directed at the residence of the defendant. Detective Martin had received information from an informant that the defendant was in possession of an unascertained quantity of marihuana. The warrant was issued at about 2:00 p. m. the afternoon of March 18, and at about 2:30 p. m. OSU Detective Daniel R. Martin, accompanied by Detectives Staley and Armstrong, also of the OSU police and Jack Starks, a Deputy Sheriff of Payne County, proceeded to the defendant's house which was located in a small addition of A-frame houses just outside Stillwater. Arriving at the defendant's home, Detective Martin proceeded to the back of the home where he discovered that the defendant had left the sliding glass door open, which allowed him to announce his presence through the screen door which remained closed. Determining that no one was in the home, Martin entered through the screen door, which was not locked, and was thereafter followed by the other three officers. By observation of certain specific items which were in the residence at the time, the officers concluded that the residence was indeed that of the defendant, Robert J. Palermo. In the course of the search which promptly ensued, the officers found: 18 baggies of marihuana in a kitchen cabinet; a small set of scales on the couch in the living room; a Parkay margarine container which held $80.00; six marihuana cigarettes laying on the coffee table in the living room; and, a pickle jar full of marihuana seeds. After executing the search Detective Martin placed the search warrant on the floor by the front door underneath a note which the officers had found at the defendant's front door upon their arrival.

On direct examination Detective Martin testified that based on his prior experience and based on the training which he had received, the 18 baggies located in the kitchen and the cigarettes on the coffee table were in his opinion marihuana. He also testified that the small scales which were found on the couch are commonly used to weigh baggies of marihuana prior to their distribution and sale. Again, he testified that it would require a large quantity of marihuana to produce the number of seeds which were found in the pickle jar.

Detective Armstrong performed a Duquenois chemical test on the contents of the 18 baggies, and stated that in his opinion the substance was marihuana.

While the defendant was on the stand, he denied that any of the articles seized were his, and further he denied that any of the articles were in his home when he left earlier that morning for school. He stated that his only conclusion was that someone else must have entered his home and left the seized articles in the places where the officers had located them.

We observe that the attorney for appeal was not the trial attorney. We observe also, from the transcript of the hearing on the motion to suppress, that the only complaint offered was that the informant was not revealed to defendant. The trial judge overruled the motion to suppress and admonished the trial counsel, "The defendant will have an opportunity to object to individual items in the evidence that may be offered at trial by the State." The trial record reflects that each time an item was offered into evidence the trial counsel specifically offered "no objections" to the items introduced, thereby waiving any future complaint concerning the evidence.

■ The defendant, in his first assignment of error, contends that the testimony of Officer Armstrong identifying State's Exhibit No. 1 as 18 baggies of marihuana was not sufficient to prove the defendant guilty because: the test performed by Officer Armstrong was inconclusive; and, because Officer Armstrong was not a qualified expert. However, at the time of the introduction of this testimony and evidence no objections were offered by defendant either to the testimony or to the introduction of the 18 baggies of marihuana. It is well established that this Court will not for the first time on appeal review assignments of error which were not properly objected to at the trial. In *Thompson v. State,* Okl.Cr., 453 P.2d 314 (1969), the defendant urged that the State failed to prove that the radar equipment used by the Highway Patrol was tested for accuracy prior to the arrest of the defendant. In that case this Court held that the

failure of the defendant to object at the time of the admission of the evidence constituted a waiver and could not be heard on appeal. See also, *Phillips v. State,* Okl. Cr., 330 P.2d 209 (1958); *Young v. State,* Okl.Cr., 373 P.2d 273 (1962); *Hildebrandt v. State,* Okl.Cr., 507 P.2d 1323 (1973).

■ Defendant urges in his second and fourth assignments of error that State's Exhibits Nos. 2, the scales, 3, the Parkay margarine container, 4, the six marihuana cigarettes, and 5, the pickle jar full of marihuana seeds, were erroneously admitted and therefore constituted prejudicial error necessitating reversal. However, again the defendant failed to perfect any objection which would allow this Court to review on appeal the admission of this evidence at the trial court level. It might further be mentioned that not only did the defense counsel fail to object, but stated that he had "no objection" to the reception of any of the exhibits in question. Therefore, relying on the authority cited in relation to the defendant's first assignment of error, we must conclude that these assignments afford the defendant no basis for appeal.

■ The defendant contends as his third assignment of error that the search involved was illegal. However, this specific assignment should have been raised in relation to the introduction of the evidence to which the defendant failed to object. At no time has the defendant, previous to this appeal, raised any objection on the basis of the alleged illegal search. Again, the defendant has failed to perfect a basis upon which this appeal may be predicated. In addition to the authority above cited, see also, *Fulbright v. State,* 96 Okl.Cr. 36, 248 P.2d 651 (1952); *Martinez v. State,* Okl.Cr., 453 P.2d 304 (1969).

Based on the foregoing discussion, the judgment and sentence is, accordingly, *AFFIRMED.*

BUSSEY and BLISS, JJ., concur.