**Regina COLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–360.**

Court of Criminal Appeals of Oklahoma.

Nov. 2, 1976.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Regina Cole, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–1086, for the offense of Knowingly Receiving Stolen Property, in violation of 21 O.S.1971, § 1713. Her punishment was fixed at One (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the non-jury trial, Herbert Unterman testified that he was the manager of Zales

---

Jewelers at 4257 S.W. Boulevard in Tulsa County. He identified State's Exhibits 1 and 2, as two diamond rings which were stolen from his store on April 8, 1975.

Officer James Eslick testified that on May 18, 1975, at approximately 10:00 p. m. he went to 1416 North Osage to serve a felony warrant on Ronnie Cole; that a vehicle driven by Ronnie Cole containing two other persons arrived. He stopped the vehicle and placed Ronnie Cole under arrest. He testified that the defendant was wearing State's Exhibits 1 and 2 at the time of arrest. The defendant was placed in a police unit. He observed defendant roll down the window of the police car and motioned her mother over to the car. Defendant and her mother joined hands as if passing something between them. He and Officer Cartner grabbed the arms of the defendant and her mother. Officer Cartner extracted State's Exhibits 1 and 2 from the palm of defendant's mother. He extracted State's Exhibit 3 (two different rings), from defendant's palm.

Officer Cartner's testimony did not differ substantially from that of Officer Eslick.

For the defense, Celina Cole, the defendant's mother, testified that neither she nor defendant had knowledge that the rings were stolen; that defendant said that a friend had let her wear them.

Defendant first asserts that the trial court erred in overruling her Motion to Suppress. The record does not reflect that defendant filed a written Motion to Suppress, but rather made an oral Motion during the course of the trial. We note that the defendant was given an opportunity by the trial court to question Officer Eslick prior to the court's ruling on the Motion to Suppress and that defendant failed to inquire into the circumstances surrounding the arrest. In *Fulbright v. State,* 96 Okl. Cr. 36, 248 P.2d 651 (1952), we stated:

"The burden of proof is upon the movant to introduce evidence to show the invalidity of the search. Not only should he introduce evidence, but when the

casemade is prepared for appeal he should see that the evidence introduced by him in support of his motion is included in the record filed with this court in order that we may properly determine whether the trial court erred in its action in overruling the motion to suppress."

■ The record reflects that the defendant's Motion to Suppress was in regard to State's Exhibits 1 and 2. As stated above, the rings which are State's Exhibits 1 and 2, were taken from the defendant's mother. Under these circumstances the defendant lacks standing to object to the introduction of this evidence. The right to object to the admission of evidence on the ground that the evidence had been obtained through unlawful search and seizure is a right personal to the one from whom the evidence was taken and may be objected to only by that party. See, *Hill v. State,* Okl.Cr., 500 P.2d 1080, and *Nelson v. State,* Okl.Cr., 355 P.2d 413.

We therefore conclude that this assignment of error is improperly before this Court; that the defendant has failed to provide the necessary record to rule on the merits of the arrest; and that the defendant lacks standing to object to the introduction of the evidence in question.

■ Defendant finally contends that the evidence was insufficient to sustain a conviction. We disagree. We are of the opinion that the evidence, although circumstantial, was sufficient to sustain the trial court's finding of guilt. We concur with the trial court's analysis of the evidence wherein he stated:

" . . . I think the thing I have to look at here is if I find that the defendant was in possession of recently stolen goods, whether or not there would be other facts present in this case which would warrant submitting this matter to determination of facts on the question of guilty knowledge on behalf of the defendant, because if there is no more than mere possession of recently stolen goods, then the question of fact as to guilty knowledge does not even arise so as to

justify consideration of the issue. Obviously, as the State points out, they are relying on what they feel the evidence shows and reasonable inferences therefrom, an attempt to pull a switch of the rings so that these items of evidence are not taken with the defendant down to the police station where they, again reasonable inferences, the State would suggest that they could be discovered as being stolen property. . . . So, the evidence in this case appears to be, in my way of thinking, sufficient first to raise a question of fact and validly consider that issue of guilty knowledge and I think it would be even if the only thing that was shown was the passing of the rings in question to Celina, but I think that there is much greater weight to the inference, the fact that the switch was attempted rather than a mere disposition of personal property. . . . ."
[Tr. 52–53]

For all of the above and foregoing reasons, the judgment and sentence is accordingly *AFFIRMED*.

BLISS, J., concurs.

BRETT, P. J., dissents.